UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BIGGE CRANE AND RIGGING CO.,** Plaintiff | * | NO.  20-cv-919 |
| | * | |
| **VERSUS** | * | JUDGE _____- SECTION "_" |
| | * | |
| **CITADEL BUILDERS, L.L.C.,** Defendant | * | MAG. _____ - DIV. (___) |
| | * | |
| | * | JURY DEMAND |
| | * | |
| | * | |

## ORIGINAL COMPLAINT WITH JURY DEMAND

**BIGGE CRANE AND RIGGING CO.** ("Bigge") brings this suit against **CITADEL BUILDERS, LLC** ("Citadel") and shows as follows:

## I.
## PARTIES

1. BIGGE CRANE AND RIGGING CO. is a foreign entity formed under the State of California and with its principal place of business in San Leandro, CA. Therefore, Bigge is a citizen of California for purposes of establishing diversity jurisdiction under 28 U.S.C. 1332.

2. CITADEL BUILDERS, L.L.C. is a Louisiana limited liability company with its principal place of business at 3516 Hessmer Ave., Metairie, LA 70002 and with its managing member being a resident of the state of Louisiana. Therefore, Citadel is a citizen of Louisiana for purposes of establishing diversity jurisdiction under 28 U.S.C. 1332.

## II.
## JURISDICTION/VENUE

3. The dispute in this matter is between two parties of diverse citizenship and involves damages in excess of $75,000.

4. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1).

5.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events forming the basis of this suit occurred in Orleans Parrish, Louisiana.

### III.
### FACTS

6.   This lawsuit arises out of the October 12, 2019, collapse of the 18-story Hard Rock Hotel New Orleans (the "Jobsite") being constructed at 1031 Canal Street, New Orleans, Louisiana 70112 (the "Incident"). At approximately 9:12 a.m. on October 12, 2019, portions of the construction project at the Jobsite collapsed.

7.   At all relevant times, Citadel acted as general contractor and conducted, directed, oversaw, and approved all details of contracting work and planning at the Jobsite. As part of the construction project, Bigge leased its Alimak Scando 650 construction hoist (the "Hoist") to Citadel pursuant to the March 23, 2018 subcontract between Citadel and Bigge (the "Contract"). The Contract had a base term of 7-months, with a base monthly rental rate of $9,000 per month for the Hoist. Pursuant to the Contract, the lease term was to start no later than October 1, 2018, more than 12 months before the Incident.

8.   The Contract contained the following requirements of Citadel:

    a. To make monthly progress payments to Bigge for lease of the Hoist and Bigge's related services;[1]

    b. To provide equipment specific property insurance to cover the Hoist while it was in the possession of Citadel;[2]

    c. To bear the risk of loss or damage to the Hoist while it was at the Jobsite;[3]

    d. To return the Hoist unencumbered and in the same condition it was received;[4] and

---

[1] *Id.* at pg. 1, Section 4.
[2] *Id.* at Attachment "D," Section 12.
[3] *Id.*

    e. To compensate Bigge for any delays and pay rent for the Hoist while any necessary repairs are made to the Hoist.[5]

  7. The Hoist was severely damaged and/or destroyed during the Incident. After the Incident, Citadel breached the Contract when it failed to return the Hoist in the condition it was received, failed to make the required monthly payments due to Bigge under the Contract, and has not provided any information about the insurance it was required to obtain to cover the Hoist per the Contract, and has not paid Bigge for the Hoist. Citadel's breaches of Contract have caused Bigge damages.

  8. On November 11, 2019, Bigge placed Citadel on notice of its claim for rental payments for the Hoist and its replacement value. Citadel did not respond to Bigge's notice and demand for payment, forcing Bigge to file suit to recover damages from Citadel.

## IV.
## CAUSES OF ACTION

### BREACH OF CONTRACT

  9. Citadel entered into the valid and enforceable Contract with Bigge under which it agreed to lease the Hoist for use at the Jobsite. The Contract required Citadel to make monthly payments to Bigge for lease of the Hoist, insure the Hoist, protect the Hoist, and to return the Hoist in good condition.

  10. In breach of the Contract, Citadel failed to make all payments due to Bigge under the Contract, including, but not limited to continued monthly payments.

  11. Further, Citadel has failed to return the Hoist to Bigge in the condition it was received or pay Bigge the replacement value of the Hoist.

---

[4] *Id.* at Attachment "D," Section 9.
[5] *Id.* at pg. 1 Section 4 & Attachment "D," Section 7.

12. Citadel also breached the contract by failing to procure the equipment specific insurance to cover the Hoist for damages, such as those suffered in the Incident.

13. At all relevant times, Citadel had care, custody, and control of the Hoist on the Jobsite.

14. Citadel breached the contract by failing to protect the Hoist from damages

15. Citadel's breaches of contract have caused Bigge to suffer damages, including Bigge's loss of the rental income/expenses outlined in the Contract, continued rental payments, and the value of the Hoist.

16. Citadel's failure to respond to Bigge's demand for payment required this lawsuit.

**NEGLIGENCE**

17. At all relevant times, Citadel had care, custody, and control of the Hoist on the Jobsite.  Citadel owed Bigge a duty to use reasonable care in completing the construction project at the Jobsite and to prevent harm to persons and property at the Jobsite, including Bigge's Hoist. Prior to the Incident, Citadel was negligent in failing to protect the Hoist from damages and by failing to take the proper precautions to prevent the Incident.

18. Citadel also owed Bigge the specific duties to use reasonable care to protect the Hoist from damage while it was in Citadel's care, custody and control and to return the Hoist in the same condition in which it was received.

19. As a direct and proximate result of Citadel's negligence, Bigge suffered damages. Citadel is liable to Bigge for its negligence and the damages that resulted from its negligence, including the value of the Hoist.

**V.**
**JURY DEMAND**

Bigge demands a trial by jury.

**PRAYER FOR RELIEF**

Bigge requests judgment against Citadel as follows:

a. For all recoverable compensatory other damages sustained by Plaintiff and all other relief under applicable law;

b. For costs and litigation expenses;

c. For interest from date of judicial demand on any amounts awarded;

d. For payment of attorneys' fees as may be allowable under applicable contract and law;

e. For such other further relief, as the Court may deem just and proper.

Respectfully submitted,

PLAUCHÉ MASELLI PARKERSON LLP

*/s/ G. Bruce Parkerson*
G. Bruce Parkerson (#1118)
George C. Drennan (#28025)
Jamie F. Jacks (#31202)
701 Poydras Street, Suite 3800
New Orleans, Louisiana 70139
Telephone: (504) 582-1142
Fax: (504) 582-1172
bparkerson@pmpllp.com
gdrennan@pmpllp.com
jjacks@pmpllp.com

COUNSEL FOR BIGGE CRANE
AND RIGGING CO.